FILED

DEC 04 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHNNY R. ANDOE, | No. 13-35215 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-00569-CWD |
| v. | |
| BRENT REINKE; SUE SUMMERTON, Staff in charge of NICI mail, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Candy W. Dale, Magistrate Judge, Presiding[**]

Submitted November 18, 2014[***]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Johnny R. Andoe, an Idaho state prisoner, appeals pro se from the district

court's judgment dismissing without prejudice his 42 U.S.C. § 1983 alleging

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

constitutional violations in connection with Andoe's legal mail and the prison's provision of hygiene items and legal supplies. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We affirm.

The district court properly dismissed Andoe's First Amendment claim asserting that the alleged failure to mail his May 12, 2011 letter was the cause of his current confinement because success on that claim would necessarily imply the invalidity of the fact or duration of Andoe's confinement, and Andoe did not allege that his conviction has been overturned. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

The district court properly dismissed Andoe's Eighth Amendment claim because Andoe failed to allege facts sufficient to show that he was denied any required hygiene item, or that the prison indigency policy forced him to choose

13-35215

between hygiene items and legal supplies. *Cf. Gluth v. Kangas*, 951 F.2d 1504, 1508-09 (9th Cir. 1991) (prison indigency policy was unconstitutional where it forced indigent inmates to choose between purchasing required hygiene items and essential legal supplies in light of outdated indigency threshold and punishment for lack of hygiene).

The district court properly dismissed Andoe's First Amendment claim alleging insufficient access to legal materials because Andoe alleged no actual injury. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (setting forth actual injury requirement in access-to-courts claims).

We do not address matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

13-35215